UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>RANDY BLADES, Warden,<br><br>　　　　　　　Respondent. | Case No. 1:11-cv-00600-REB<br><br>**ORDER** |

Idaho state prisoner Lacey Sivak has filed a new Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254. The Court is required to screen the Petition to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

Petitioner has consented to a United States Magistrate Judge conducting all proceedings in this matter, including entering final judgment, in accordance with 28 U.S.C. § 636(c). (Dkt. 5.)

## BACKGROUND

Petitioner was convicted of felony murder, and other associated crimes, for the shooting and stabbing death of a convenience store clerk during a robbery in 1981, and he

ORDER - 1

was sentenced to death. *Sivak v. Hardison*, 658 F.3d 898, 902 (9th Cir. 2011). Following two remands from the Idaho Supreme Court, Petitioner was resentenced to death in 1992, and he continued to challenge his convictions and sentence collaterally in the state and federal courts.

On March 21, 2008, Chief Judge B. Lynn Winmill entered a judgment denying relief on Petitioner's first Petition for a Writ of Habeas Corpus, and the case was dismissed with prejudice. *See Sivak v. Hardison*, Case No. 1:96-cv-0056-BLW; Dkt. 347. On appeal, the Ninth Circuit Court of Appeals affirmed as to Petitioner's convictions, reversed as to his death sentence, and remanded the case for "an appropriate order for a penalty phase retrial." *Sivak v. Hardison*, 658 F.3d 898, 902 (9th Cir. 2011). The judgment has been amended to conform with the Ninth Circuit's instructions, the state court has since vacated Petitioner's death sentence, and Petitioner is now awaiting resentencing in Ada County District Court. *See State v. Sivak*, Ada County District Court Case No. CR-FE-1981-0010183.[1]

Representing himself, Petitioner filed a new Petition for Writ of Habeas Corpus in this Court on December 5, 2011. (Dkt. 1.) In his Petition, he appears to allege that because he was acquitted of premeditated first degree murder, his conviction for felony murder violates the Fifth Amendment prohibition on double jeopardy. (*Id.* at 7-8.)

---

[1] The Court takes judicial notice of the register of actions in Petitioner's pending state court case. *See* www.idahocourts.us/repository.

**ORDER - 2**

## REVIEW OF THE PETITION

The Antiterrorism and Effective Death Penalty Act (AEDPA) places strict limitations on the filing of "second or successive" petitions in the federal courts. 28 U.S.C. § 2244. A "second or successive" petition is one that is filed after a first petition has been denied on the merits – rather than dismissed without prejudice on technical or procedural grounds – even if the district court's disposition of the first petition is still pending on appeal. *Beaty v. Schriro*, 554 F.3d 780, 782-83 (9th Cir. 2009).

Although certain limited exceptions will allow a petitioner to proceed with a second or successive petition, the court of appeals serves as the gatekeeper to determine whether the petitioner has satisfied one of those exceptions. 28 U.S.C. § 2244(b)(3)(A). In the absence of authorization from the court of appeals, the district court lacks jurisdiction to consider a second or successive petition. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, Petitioner filed his current Petition nearly four years after Judge Winmill denied relief in the first habeas action and three months after the Ninth Circuit issued its opinion on appeal. In the new Petition, Petitioner raises claims that challenge the same state court judgment as the first petition, and it appears that those claims either could have been or were included within the first habeas action.

Accordingly, the new Petition is a second or successive one, and Petitioner has not shown that he has received authorization from the Ninth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3)(A). It plainly appears that this Court lacks jurisdiction, and the

**ORDER - 3**

Petition will be dismissed, without prejudice to refiling if Petitioner receives permission to proceed from the Ninth Circuit.

## ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED, without prejudice, for lack of jurisdiction. The Clerk of Court shall close this case.

DATED:  **April 5, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 4**